UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Angel Ramos,<br>                              Plaintiff,<br>       -v-<br><br>Heights Realty Co. LLC,<br><br>                              Defendant. | Civ. Action #:<br><br>**Complaint**<br><br><br>**Jury Trial Demanded** |

Plaintiff Angel Ramos, by Abdul Hassan Law Group, PLLC, his attorneys, complaining of defendant, respectfully alleges as follows:

## NATURE OF ACTION

1. Plaintiff alleges, that he was employed by defendant and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that he is: (i) entitled to unpaid overtime wages from defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week; (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. §§ 216(b).

2. Plaintiff further complains pursuant to New York Labor Law, that he is: (i) entitled to unpaid overtime wages from defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week, (ii) is entitled to maximum liquidated damages and attorneys fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., including NYLL § 663, and the regulations thereunder as well as NYLL 190-198 and the regulations thereunder.

3. Plaintiff complaints pursuant to New York RPAPL § 853 and NYC Administrative Code § 26-521 (NYC Code § 26-521), that he was: (i) unlawfully and forcibly evicted by defendant; (ii) he suffered damages, including loss of and damage to property, and severe emotional harm, pain and suffering; (iii) is entitled to recover his compensatory damages, including damages to/loss of property, loss of money, emotion distress damages, treble damages, punitive damages and attorneys' fees.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b).

## THE PARTIES

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

7. Plaintiff Angel Ramos ("plaintiff" or "Ramos") is an adult, over eighteen years old, who currently resides in Bronx County in the State of New York.

8. Upon information and belief, defendant Heights Realty Co. LLC ("defendant" or "Heights Realty") is a domestic New York limited liability company organized and existing under the laws of the State of New York.

## STATEMENT OF FACTS

9. Upon information and belief, and at all relevant times herein, defendant Heights Realty was engaged in the business of real estate and building ownership and/or management in the New York tri-state area.

10. Upon information and belief and at all times relevant herein, Defendant owned and/or operated about more than 40 residential/commercial buildings and maintained its principal place of business at 1419 60th Street, Brooklyn, NY 11219.

11. At all times relevant herein plaintiff was employed at defendant's 2815 Grand Concourse, Bronx, NY 10468 location – a multi-story residential apartment building owned and/or operated by defendant.

12. Upon information and belief, and at all relevant times herein, defendant employed over 100 persons.

13. At all times relevant herein, defendant employed plaintiff as a maintenance worker to repair and maintain its building.

14. Plaintiff Ramos was employed by defendant from in or around June 2013 to on or about April 2, 2014.

15. At all times relevant herein, plaintiff was paid about $300.00 weekly by defendant after deductions for the costs of the apartment plaintiff resided in.

16. Upon information and belief, and at all times relevant herein, defendant for its benefit and convenience, required plaintiff to reside in the building where plaintiff worked so that plaintiff would be available to tenants at all hours of the day and would be able to respond to the needs of tenants and the building more quickly than if he resided away from the building.

17. At all times relevant herein, defendant made deductions from plaintiff's wages to cover the cost of the apartment in which plaintiff resided while working for defendant.

18. Upon information and belief and at all times relevant herein, plaintiff worked about 50 hours a week, five to six days a week, for defendant and likely more, each week throughout his employment with defendant.

19. At all times relevant herein, plaintiff failed to pay plaintiff overtime wages at a rate of at least 1.5 times his regular hourly rate, and defendant failed to include the value of plaintiff's apartment in the calculation of plaintiff's overtime wages.

20. The amount of plaintiff's hours and wages will be refined when defendant produces wages and time records it was required to keep under the FLSA (29 USC 211 and 29 CFR 516) and NYLL (12 NYCRR 142-2.6 and NYLL 195) – accurate copies of such records are referenced and incorporated herein.

21. Upon information and belief and at all times relevant herein, defendant had annual revenues and/or expenditures in excess of $500,000.

22. Upon information and belief and at all times relevant herein, defendant conducted business with insurance companies outside the state of New York.

23. Upon information and belief and at all times relevant herein, defendant purchased building materials, supplies and equipment from vendors outside the state of New York.

24. At all times applicable herein, defendant conducted business with vendors and other businesses outside the State of New York.

25. Defendant as a regular part of its business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

26. At all times applicable herein and upon information and belief, defendant utilized the instrumentalities of interstate commerce such as the United States mail, electronic mail, the internet and telephone systems.

27. All times applicable or relevant herein as to the FLSA overtime claim refers to at least the two-year and three-year period preceding the filing of this complaint but this period may be longer.

28. On or about April 23, 2014, plaintiff was still residing with his family including his very young children in the apartment he resided in while he worked for defendant.

29. On or about April 23, 2014, defendant forcibly entered plaintiff's apartment without plaintiff's permission, removed all of plaintiff's property, valuables and belongings, from plaintiff's apartment, and changed the lock on the door to plaintiff's apartment, thereby locking plaintiff and his family out of his apartment and preventing plaintiff from entering the apartment, all without the consent of plaintiff or his family.

30. Defendant unlawfully and forcefully evicted and locked plaintiff and his family out of plaintiff's apartment without first commencing eviction proceedings in the courts which would have provided plaintiff with a chance to assert a defense to eviction, among other rights and benefits.

31. Defendant unlawfully evicted and locked plaintiff and his family out of plaintiff's apartment without first obtaining an order of eviction from a court of competent jurisdiction.

32. As a result of defendant's sudden, unlawful and forceful eviction of plaintiff and his family, including very young children, plaintiff and his family were without a place to stay, and without their property and belongings needed to live day to day.

33. Even though plaintiff eventually recovered most of his property, he suffered approximately four thousand dollars in damages and losses of property and money, at a minimum.

34. Defendant's sudden, unlawful, and forceful eviction of plaintiff and his family, inflicted tremendous and severe emotional distress, mental anguish, pain and suffering, including sleepless nights, in cold weather, separation from his young children, and the constant terror, fear and stress of being suddenly homeless.

35. Defendant's sudden, unlawful, and forceful eviction of plaintiff was willful, wanton, intentional, extremely depraved and egregious – the whole purpose of the unlawful eviction was to render plaintiff and his family homeless and subject them, including plaintiff's very young children, to all the pain and suffering that comes with being suddenly evicted and homeless.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Unpaid Overtime)

36. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 35 above as if set forth fully and at length herein.

37. At all times relevant to this action, plaintiff was employed by defendant within the meaning of the FLSA.

38. At all times relevant to this action, plaintiff was engaged in commerce and/or in the production of goods for commerce and/or defendant, constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. § 207.

39. At all times relevant herein, defendant transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

40. At all times relevant herein, defendant failed and willfully failed to pay plaintiff overtime compensation at rates of at least 1.5 times his regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

## Relief Demanded

41. Due to defendant's FLSA overtime violations, plaintiff is entitled to recover from defendant, his overtime compensation, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
## NYLL 650 et Seq. (Unpaid Overtime)

42. Plaintiff alleges, and incorporates by reference the allegations in paragraphs 1 through 41 above as if set forth fully and at length herein.

43. At all times relevant to this action, plaintiff was employed by defendant within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations and wage orders thereunder.

44. At all times relevant herein, defendant failed and willfully failed to pay plaintiff overtime compensation at rates of at least 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a work week, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.2.

45. At all times relevant herein, defendant failed and willfully failed to pay plaintiff at a rate that was at least equal to the applicable New York State minimum wage rate for each hour worked in a week in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.1.

### Relief Demanded

46. Due to defendant's New York Labor Law violations, plaintiff is entitled to recover from defendant, his unpaid overtime compensation, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1).

## AS AND FOR A THIRD CAUSE OF ACTION
## NYLL § 190, 191, 193 and 198 – Unpaid and Withheld Wages

47. Plaintiff alleges, and incorporates each and every allegation contained in paragraphs 1 through 46 above with the same force and effect as if fully set forth at length herein.

48. At all times relevant to this action, plaintiff was employed by defendant within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193 and 198 and the applicable regulations thereunder.

49. At all times relevant to this action, plaintiff was employed by defendant as a manual worker, laborer or workingman, within the meaning of the New York Labor Law § 190 et seq. including § 191, 193.

50. At all relevant times herein, defendant violated and willfully violated plaintiff's rights under NYLL 191 by failing to pay plaintiff and/or withholding/deducting his unpaid overtime wages, as well as his unpaid regular wages.

### Relief Demanded

51. Due to defendant's New York Labor Law Article 6 violations including violations of sections 191, 193 and 198, plaintiff is entitled to recover from defendant, his entire unpaid overtime, and any base/regular wages owed, wage deductions/withholdings, plus maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

### AS AND FOR A FOURTH CAUSE OF ACTION
### NY RPAPL § 853 and NYC Code § 26-521 – Unlawful Eviction

52. Plaintiff alleges, and incorporates each and every allegation contained in paragraphs 1 through 51 above with the same force and effect as if fully set forth at length herein.

53. Defendant violated plaintiff's rights under New York RPAPL § 853 and NYC Administrative Code § 26-521 (NYC Code § 26-521) when it unlawfully and forcibly evicted plaintiff from the apartment that plaintiff and his family occupied and lawfully occupied as laid out above.

### Relief Demanded

54. Due to defendant's unlawful and forcible eviction of plaintiff, plaintiff has suffered and is entitled to recover all available damages, including damages to/loss of property, loss of money, emotional distress damages, treble damages, punitive damages and attorneys' fees.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

55. Declare Defendant to be in violation of the plaintiff's rights under the Fair Labor Standards Act, Article 6 of the New York Labor Law, the New York RPAPL § 853 and NYC Administrative Code § 26-521 (NYC Code § 26-521), the New York Minimum Wage Act, and the Regulations thereunder;

56. As to his **FIRST Cause of Action**, award plaintiff his unpaid overtime compensation, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b);

57. As to his **SECOND Cause of Action**, award plaintiff his unpaid overtime compensation, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1);

58. As to his **THIRD Cause of Action**, award plaintiff his unpaid wages due herein, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor 198;

59. As to his **FOURTH Cause of Action**, award plaintiff all available damages, including damages to/loss of property, loss of money, emotional distress damages, treble damages, punitive damages and attorneys' fees pursuant to New York RPAPL § 853 and NYC Administrative Code § 26-521 (NYC Code § 26-521);

60. Award Plaintiff, any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

61. Award Plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
       **July 12, 2014**

Respectfully submitted,

Abdul Hassan Law Group, PLLC

/s/ Abdul K. Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*
215-28 Hillside Avenue,
Queens Village, NY 11427
Tel: 718-740-1000
Fax: 718-740-2000
Email: abdul@abdulhassan.com