UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

ANGEL RAMOS,

          Plaintiff,

 -against-

HEIGHTS REALTY CO. LLC,

          Defendant.

------------------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 0 2 2015 ★

BROOKLYN OFFICE

**MEMORANDUM & ORDER**

14-CV-4285 (SLT)(VVP)

**TOWNES, United States District Judge:**

  On July 12, 2014, Plaintiff Angel Ramos filed this action alleging violations of the Fair

Labor Standards Act (FLSA) and New York Labor Law (NYLL). (*See* ECF No. 1.) Plaintiff

alleges, among other things, that Defendant failed to provide him with the required overtime pay.

On May 6, 2015, the parties asked this Court to "so order" a "Stipulation of Discontinuance with

Prejudice" filed pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (ECF No. 8.)

  Rule 4l(a)(l)(A) of the Federal Rules of Civil Procedure provides that "[s]ubject to . . .

any applicable federal statute, the plaintiff may dismiss an action without a court order by filing

. . . a stipulation of dismissal signed by all parties who have appeared." However, the FLSA limits

the ability of parties to voluntarily dismiss an action in this manner, placing "'strict limits on an

employee's ability to waive claims for fear that employers [will] coerce employees into settlement

and waiver.'" *Mosquera v. Masada Auto Sales, Ltd.*, No. 09-CV-4925 (NGG), 2011 WL 282327, at

*1 (E.D.N.Y. Jan. 25, 2011) (alteration in original) (quoting *Le v. SITA Info. Networking Computing*

*USA, Inc.*, 07-CV-86 (JS), 2008 WL 724155, at *1 (E.D.N.Y. March 13, 2008)). "There are only

two ways in which back wage claims arising under the FLSA can be settled or compromised by

employees." *Joo v. Kitchen Table, Inc.*, 763 F. Supp. 2d 643, 644 (S.D.N.Y. 2011) (quoting

*Manning v. New York Univ.*, No. 98 Civ. 3300 (NRB), 2001 WL 963982, at *13 (S.D.N.Y. Aug. 22,

2001)). First, 29 U.S.C. § 216(c) expressly authorizes the Secretary of Labor "to supervise

payment to employees of unpaid wages owed to them. Second[,] when employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* (quoting *Manning*, 2001 WL 963982, at *13); *see also Lynn's Food Stores, Inc. v. United States ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

Courts consider a number of factors in determining whether a compromise qualifies as fair and reasonable, including:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citations and internal quotation marks omitted). The following factors weigh against settlement:

> (1) the presence of other employees situated similarly to the claimant; (2) a likelihood that the claimant's circumstance will recur; (3) a history of FLSA non-compliance by the same employer or others in the same industry or geographic region; and (4) the desirability of a mature record and a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace.

*Id.* at 336 (citation and internal quotation marks omitted). "The ultimate question is whether the proposed settlement reflects a fair and 'reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id.* at 335 (citation omitted).

While the parties tacitly request Court approval of the settlement, they have not provided the Court with a copy of the Settlement Agreement or with a memorandum explaining why the settlement is fair. Without this documentation, this Court cannot scrutinize the settlement for

fairness and cannot accede to dismissal with prejudice. Accordingly, the Court not only declines to "so order" the Stipulation of Dismissal but directs that the stipulation be stricken. *See Mosquera,* 2011 WL 282327, at \*2. If the parties wish to dismiss this action with prejudice, they shall submit, at a minimum, (1) a copy of the Settlement Agreement and (2) a joint memorandum of law explaining why the proposed settlement is fair and should be approved.

## CONCLUSION

For the reasons stated above, this Court declines to "so order" the Stipulation of Dismissal (ECF No. 8) and directs that this stipulation be stricken. If the parties wish to dismiss this action with prejudice, they shall submit, within 14 days of entry of this order, (1) a copy of the Settlement Agreement and (2) a joint memorandum of law explaining why the proposed settlement is fair and should be approved.

**SO ORDERED.**

/s/ Sandra L. Townes
SANDRA L. TOWNES
United States District Judge

Dated: *May 29, 2015*
Brooklyn, New York

-3-